### JONES v STRUTHERS (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 11, 1935

R. R. Miller, Youngstown, for plaintiff in error.

W. O. R. Johnson, Youngstown, for defendant in error.

## OPINION

### By ROBERTS, J.

It is conceded in this case that the mayor summarily discharged the plaintiff, wholly ignoring the statute in such case made and provided, as to what procedure shall be had in an attempt to discharge an employe under civil service, so that if the plaintiff was protected as a civil service employe, her discharge was wrongful. See §486-17A GC.

Sec 486-8 GC, entitled "Services classified and unclassified" defines what positions are in the unclassified service, and then provides that the classified service shall comprise all persons in the employ of the state, the several counties, cities and city school districts thereof, not specifically included in the unclassified service, to be designated as the competitive class and unskilled labor class. In defining the unclassified service, paragraph 8 reads as follows:

"Three secretaries, assistants or clerks and one personal stenographer for each of the elective state officers, and two secretaries, assistants or clerks and one personal stenographer for other elective officers, and each of the principal appointive executive officers, boards, or commissions except civil service commissions authorized by law to appoint such secretary, assistant or clerk and stenographer."

It is understood that the office of mayor comes within the provision, "and two secretaries, assistants or clerks and one personal stenographer for other elective officers."

These provisions were in force, as above stated, at the time of the employment of the plaintiff. See Laws of Ohio, 105-106, p. 400 and 405.

If, as we conclude, the plaintiff in her appointment was in the unclassified service and not in the classified service, notwithstanding the officers of the city may have mistakenly understood that the position was protected by civil service, if the law did not so provide, then the civil service appointment would be only an idle gesture and she could be protected only in case of appointment to a position in classified service.

The conclusion is that the plaintiff, being in the unclassified service, held her position subject to discharge by the mayor, and such being the fact, she was not entitled to recover on her claim for compensation subject to the date of discharge.

For these reasons, although for a reason different from that given by the Court of Common Pleas, that court is affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.